UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

DENNIS W. DELANEY (D-1),

    Defendant-Petitioner.
_____/

Criminal Case No. 08-20130
Civil Case No. 13-11007
HON. DENISE PAGE HOOD

**ORDER DENYING MOTIONS UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE,
ORDER DISMISSING CIVIL CASE NO. 13-11007
and
ORDER DENYING CERTIFICATE OF APPEALABILITY**

**I.     BACKGROUND**

On November 20, 2008, following a trial by jury, Defendant Dennis W. Delaney was convicted on the following charges: (1) Sexual Exploitation of Children (Count 1); (2) Distribution of Child Pornography (Count 2); (3) Distribution of Child Pornography (Count 3), and (4) Possession of Child Pornography (Count 4).  Defendant was sentenced to 300 months imprisonment on Count 1, 180 months on each of Counts 2 and 3, and 120 months on Count 4.  [Docket No. 42, Judgment, filed August 13, 2009] Defendant filed a timely appeal, and the Sixth Circuit Court of Appeals affirmed his conviction in an order dated November 21, 2011, with a mandate issued on December 13, 2011.

On March 1, 2013, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [Docket No. 63] Defendant challenges the effectiveness of both his trial attorney and his appellate attorney. *Id.* at PgID 2234-48. The Government filed a response.[1] [Docket No. 67] On September 15, 2015, Defendant filed a second Motion to Vacate Sentence under 28 U.S.C. § 2255. [Docket No. 70] The period for filing a response to the second 2255 motion has expired.

## II. LEGAL STANDARD

28 U.S.C. § 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). A defendant seeking relief under § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). When raising claims alleging errors of constitutional magnitude, a defendant must show that the constitutional error had a substantial

---

[1] On July 8, 2013, Defendant filed a Motion to Strike the Government's response. [Docket No. 68] Although the Government filed its response after the deadline set by the Court, the Court concludes that, in light of the number of issues raised by Defendant, such delay was not unreasonable. The Court also concludes that the extra month utilized by the Government did not prejudice Defendant in any manner. The Court DENIES Defendant's Motion to Strike.

and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

### III.   ANALYSIS

#### A.   Applicable Law

Under the Sixth Amendment, a defendant has a right to "have the assistance of counsel for his defense." U.S. Const. Amend. VI. A defendant under the Sixth Amendment has a right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two-prong test for ineffective counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable.

*Id*. "There is a strong presumption that legal counsel is competent." *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). In addition, a "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The reasonableness of

3

counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

**B.    First 2255 Motion**

Defendant argues that his conviction should be set aside or vacated because his trial lawyer, Mary Mahoney, and his appellate lawyer, David Cripps, were ineffective, both at trial and on appeal, for failing to argue that: (1) Defendant was unaware that the victim was under age 18; (2) Photographs of the victim on the hood of the car were not taken by Defendant, and do not qualify as sexually explicit; (3) Defendant was not in the vicinity of his computer when the emails with child pornography attachments were sent; (4) His lawyers failed to introduce an audio recording wherein Dennis Jay claims he never received images of child pornography; (5) His lawyers failed to present evidence that the child pornography on Defendant's computer was already present when the Defendant received the computer from his boss; (6) One of the folders on Defendant's computer contained images of a professional pornography star who was at least 18 years of age; (7) His

lawyers failed to call Defendant's wife and mother to testify that Defendant's statements were obtained in violation of his 5th and 6th Amendment rights; (8), (9) & (10) His lawyers did not file objections to certain sentencing enhancements raised in the presentence report ("PSR"); (11) His lawyers failed to argue that sentencing enhancements violate empirical research and data; and (12) His trial lawyer failed to understand the breadth of the government's case and incorrectly advised Defendant to proceed to trial instead of entering into a plea agreement.

In this case, Defendant did not assert Ground 4 (failure to introduce an audio recording containing the statements of Dennis Jay, a recording that Defendant admits his lawyers did not know existed) or Ground 6 (the "car vids" folder that allegedly contained images of a "professional pornography star" over the age of 18) in an earlier proceeding. Courts usually will not entertain a Section 2255 claim if the movant did not raise the claim before trial, at trial, or on direct appeal. In order to obtain Section 2255 relief despite such procedural default, a movant must show both cause for his failure to assert the claim in earlier proceedings and actual prejudice from the alleged error. *See Regaldo v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). The Court finds that Defendant has not demonstrated: (a) cause for his failure to assert Grounds 4 or 6 in an earlier proceeding, or (b) actual prejudice from the alleged error. The Court concludes that Defendant has waived both

Grounds 4 and 6, and the Court need not address either ground further.

As to Ground 1, Defendant contends he was unaware that the victim was under the age of 18. Defendant argues that he took precautions by using an 18 year and up chat room, and he states that the victim claimed she was 18 and had identification that showed she was 18. The Government argues that Defendant's contentions were not supported by the evidence presented at trial or on appeal. The Court finds that Defendant's purported lack of knowledge of the victim's age, even if substantiated by the evidence, was irrelevant to the jury's ultimate decision because knowledge of the victim's age is not an element of, or an affirmative defense to, a charge of sexual exploitation of children under 18 U.S.C. § 2251. *See, e.g., United States v. Humphrey*, 608 F.3d 955, 962 (6 th Cir. 2010) (citation omitted). The Court finds that Defendant has not shown that his attorney's performance in this regard was deficient under *Strickland* and rejects Ground 1.

As to Ground 2, Defendant states that his lawyers were ineffective for failing to raise the issue that Defendant did not take pictures of the victim on the hood of the car and that these pictures were not "sexually explicit." As the Government notes, however, it "did not introduce these pictures as substantive evidence [of] . . . the child pornography crimes charged against" Defendant (*i.e.*, none of the charges in the case against Defendant were based on those pictures). [Docket No. 67, PgID

2266-67] As there was no suggestion that the pictures from the hood of the car were "sexually explicit," there was no reason for Defendant's attorneys to challenge them. The Court finds that there is no basis for finding that the performance of Defendant's counsel fell below an objective standard of reasonableness as it relates to those pictures. Ground 2 is rejected.

With respect to Grounds 3 and 5, Defendant asserts that his lawyers failed to argue that: (a) Defendant was not in the vicinity of his computer when child pornography was sent, and (b) the child pornography on Defendant's computer was present on the computer before he took ownership of it. Contrary to Defendant's assertions, the record demonstrates that Defendant's trial counsel presented evidence–through Defendant's testimony–regarding both theories of defense. [*See generally* Docket No. 55, PgID 1852-78] Again, the Court concludes that the performances by Defendant's lawyers at trial and on appeal did not fall below minimum professional standards such that Defendant's defense was harmed. *Strickland*, 466 U.S. 668. Grounds 3 and 5 are denied.

At Ground 7, Defendant claims that his lawyers erred in failing to submit testimony of his wife and mother when litigating the voluntariness of his confession. The Court finds that this claim is not properly before the Court because a "2255 motion may not be used to relitigate an issue that was raised on appeal

7

absent highly exceptional circumstances," such as "an intervening change in the law." *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). Defendant's appellate attorney raised, and the Sixth Circuit, rejected this argument. *United States v. Delaney*, 443 F. App'x. 122, 128-30 (6th Cir. 2011). Defendant has not advised the Court that any "highly exceptional circumstances" exist relative to this issue. The Court concludes that Defendant is barred from relying on this argument in his 2255 motion, and Ground 7 is denied. *Dupont*, 76 F.3d at 110.

In Grounds 8, 9, and 10, Defendant contends that he was denied effective assistance of counsel because his counsel did not file written objections to the PSR challenging certain enhancements. Section 2255 does not apply to errors in calculation of the Sentencing Guidelines "absent a complete miscarriage of justice." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

The Court notes that Defendants' trial lawyer filed 18 objections to the PSR. *See* Objections to the PSR. Contrary to Defendant's contention, his trial lawyer objected to and made arguments regarding Defendant's use of a computer to entice a minor to engage in sexually explicit conduct (Grounds 8 & 9) [*see* Objections to PSR, ¶ 1], as well as the depiction of sadistic or masochistic behavior (Ground 10) [*see* Objections to PSR, ¶ 4]. The Court finds that: (a) the PSR claims raised by Defendant are not viable, and (b) even if they were viable, they do not constitute a

"miscarriage of justice." *Jones*, 178 F.3d at 796. The Court denies Defendant's request for relief on Grounds 8, 9, and 10.

As to Ground 11, Defendant claims that his trial counsel was ineffective "for fail[ing] to argue sentencing enhancements violate imperical [sic] data." [Docket No. 63, PgID 2246] Defendant does not establish, however, how making such an argument would have helped to lower his sentence. 18 U.S.C. Section 3553(a) instructs the sentencing judge to consider the accepted ends of penology–punishment, deterrence, and public safety–along with several other factors. Recent Supreme Court decisions in *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States*, 552 U.S. 85 (2007), among others, allow the sentencing judge to apply the factors in Section 3553(a) in any reasonable manner. Defendant's sentence of 30 years was imposed by this Court after a consideration of the factors delineated in Section 3553(a), including punishment, deterrence and protection of society. Defendant's guidelines range after going to trial was up to life in prison. Defendant received a sentence of 30 years (far below life), which demonstrates that his claims of ineffective assistance of counsel are unwarranted as they relate to Ground 11 and must be denied.

In Ground 12, Defendant contends that his trial counsel failed to adequately advise him of taking the offered plea and failed to understand the breadth of the

9

Government's case against him, such that she should have advised Defendant to accept a 5-year plea agreement rather than going to trial. Defendant also contends that his trial counsel told him that he would be subject to no more than 17 years in prison.

A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The Court finds that Defendant has not done so. Prior to trial, the Court asked Defendant about his desire to proceed to trial, and Defendant asserted that he wished to go to trial. Defendant was advised that, if convicted, he was facing a 15-year-mandatory minimum sentence–and the possibility of up to 30 years on Count 1, up to 20 years on Count 2, and up to 10 years on Count 3. [*See* Docket No. 12, Acknowledgment of Indictment] The Court finds that Defendant has not set forth adequate grounds for Section 2255 relief on Ground 12.

### C. Second 2255 Motion

In his second 2255 Motion, Defendant lists 10 issues.

1. Whether the evidence presented by the government was insufficient to support the guilty verdict of sexual exploitation of children 18 U.S.C. § 2251(A).

2. Chat and email of [victim] was sent by her ([victim]) own admissions by her to herself using [Defendant]'s computer.

3. [Victim] misled [Defendant] into believing she was over 18 years

old, by her own admissions.

4. By expert witnesses of the government, the pictures were taken with a specific camera not found in [Defendant]'s possession.

5. By government's expert witness, computer software used to burn child pornography onto CD was never installed on [Defendant]'s computer.

6. [Defendant] showed up at an apartment complex not to have sex with a minor, but to find the person who was pimping out her child.

7. Whether evidence by government was insufficient of 18 U.S.C. § 2252(A)(a)(1); Defendant . . . did not ship or transport anything.

8. Whether evidence by government was insufficient of 18 U.S.C. § 2252(A)(5)(B) possession of or access with intent to view.

9. Counsel failed to mention five-year plea.

10. Counsel was ineffective for not refiling acquittal motion under Rule 29 of the Federal Rules of Criminal Procedure.

For the first eight issues listed, Defendant appears to be contending that the evidence regarding those issues was not sufficient or should have resulted in a finding of not guilty. However,

> Questions of sufficiency of the evidence are not cognizable on a motion under 28 U.S.C. § 2255. *See United States v. Osborn*, 415 F.2d 1021, 1024 (6th Cir.1969) (*en banc*), *cert. denied* 396 U.S. 1015, 90 S.Ct. 567, 24 L.Ed.2d 506 (1970) (holding that one may challenge the sufficiency of the evidence on direct appeal from the conviction and the claim is not cognizable in a subsequent § 2255 motion).

*Cutshaw v. United States*, No. 2:09-CR-117, 2012 WL 2507514, at *3 (E.D. Tenn.

June 28, 2012). The Court concludes that none of the first eight issues affords Defendant a basis for relief pursuant to 28 U.S.C. § 2255. The ninth issue is the same as, and is rejected for the same reasons as, Grounds 9 and 10 of Defendant's first 2255 motion (discussed above).

As to issue 10, Defendant's case was taken to trial, it was appealed, and the Court of Appeals affirmed Defendant's conviction. In addition, Defendant's trial counsel made a motion to dismiss the Indictment at trial. [*See* Docket No. 54, PgID 1729-35] In other words, the case was fully litigated. If another Rule 29 motion would have been filed, it would not have altered the evidence presented (or not presented) in any manner, and this Court and the Sixth Circuit Court of Appeals would still have reviewed the same case and issues involved in it. In other words, even if Defendant's trial counsel erred by not refiling the Rule 29 motion, the Court finds that "counsel's errors were [not] so serious as to deprive the defendant of a fair trial," *Strickland*, 466 U.S. at 687, and "the result of the proceeding would [not] have been different." *Id.* at 694.

Finally, the Court notes that the "brief" or "argument" section of Defendant's second 2255 motion consists of approximately 11 pages of discussion why the facts of the case do not support a finding of guilty with respect to the charges with which the Government charged Defendant. Some of the argument involves parsing

the definitions of the applicable statutes, some of it seeks to explain why Defendant did not distribute or possess pornographic images of children, some of it involves blaming the victim or Dennis Jay, and some of it suggests that the ineffectiveness of his counsel resulted in his unjust conviction. For all of the reasons stated above, Defendant has failed to present the Court with any viable basis for granting him relief pursuant to 28 U.S.C. § 2255. Defendant's second 2255 Motion is denied.

## IV. CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. In order to obtain a certificate of appealability, a defendant "must make a substantial showing of the denial of a constitutional right." *Slack v. Daniel*, 529 U.S. 473, 483 (2000); 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the defendant is required to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack,* 529 U.S. at 483-84 (citation and internal quotations omitted). In other words, when a district court rejects a defendant's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims to be debatable or wrong. *Id.* at 484. Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir. 1997).

The Court concludes that Defendant has not shown (and cannot show)–with respect to any of the grounds asserted in his 2255 motions–that "reasonable jurists could debate whether (or, for that matter, agree that) the petition[s] should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack,* 529 U.S. at 483-84 (citation and internal quotations omitted). For the reasons stated above, the Court finds that the issues raised by Defendant are without merit, and it will not issue Defendant a certificate of appealability.

## V. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Criminal Case No. 08-20130, Docket No. 63, filed March 1, 2013] and Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Criminal Case No. 08-20130, Docket No. 70, filed September 15, 2015] are **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion to Strike the Government's response [Docket No. 68, filed July 8, 2013] is **DENIED**.

IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Civil Case No. 13-11007] is **DISMISSED WITH PREJUDICE and designated as CLOSED**.

IT IS FURTHER ORDERED that a certificate of appealability not issue in this matter.

Dated:  March 31, 2016        s/Denise Page Hood
                              Denise Page Hood
                              Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2016, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager